## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALTON GAVIN (#098627) | CIVIL ACTION |
| VERSUS | |
| HILLIARD MOORE/DISTRICT ATTORNEY, ET AL. | NO. 14-0120-JJB-RLB |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 18, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALTON GAVIN (#098627)                                          CIVIL ACTION

VERSUS

HILLIARD MOORE/DISTRICT ATTORNEY, ET AL.            NO. 14-0120-JJB-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish District Attorney Hillar Moore (erroneously referred to as "Hilliard Moore" in the Complaint), the East Baton Rouge Parish District Attorney's Office, and the Parish of East Baton Rouge, complaining that his constitutional rights have been violated in connection with an improper out-of-time appeal taken by the East Baton Rouge Parish District Attorney's Office in November, 2009. According to the plaintiff, that appeal was taken from a Ruling by a state district court judge in connection with the plaintiff's efforts to obtain DNA testing of evidence related to his criminal proceeding. The plaintiff prays for an Order (1) compelling the defendants to "reorder DNA testing of the hair that was ordered to be tested by 19th J.D.C. Judge Bonnie Jackson," and (2) "prohibiting the D.A.'s Office from violating Court of Appeal Rules in the future."

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserted against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.

An action or claim is properly dismissed under these statutes if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that on or about August 28, 2009, an Order was issued by 19th Judicial District Court Judge Bonnie Jackson, granting an application filed by the plaintiff for DNA testing and directing that DNA testing be conducted in connection with "a hair" that was asserted to be pertinent to the plaintiff's criminal proceedings. The plaintiff complains, however, that on or about November 28, 2009, an assistant district attorney with the East Baton Rouge Parish District Attorney's Office sought to obtain appellate review of that Ruling and, allegedly improperly, "filed a clear out of time appeal to the La. 1st Circuit Court of Appeal, knowing he was out of time pursuant to La. law." The plaintiff also complains that the referenced assistant district attorney "did not give notice he was filing a supervisory writ" and thus was "further in clear violation of court of appeal rules." Notwithstanding, the Louisiana appellate court ultimately granted the alleged untimely writ application and reversed the

determination of Judge Jackson relative to DNA testing.  The plaintiff complains that the alleged improper granting of the untimely writ application resulted in a violation of his constitutional right to equal protection of the laws through the "equal application" of the procedural rules applicable to supervisory appellate review proceedings.  He prays for an order compelling the defendants to conduct "DNA testing of the hair" and prohibiting the District Attorney's Office "from violating court of appeal rules in the future."

The plaintiff's allegations fail to state a claim cognizable in this Court.  In the first place, the East Baton Rouge Parish District Attorney's Office is not an entity that is subject to suit in this Court.  Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as the District Attorney's Office to sue or be sued is determined by the law of the state in which the district court sits.  *See, e.g., Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991).  Under Louisiana law, a district attorney's office has neither the capacity to sue nor the capacity to be sued.  *See Easter v. Lafourche Parish Dist. Attorney's Office, 2014 WL 3866534 \*2* (E.D. La. Jan. 31, 2014) (finding that the named district attorney's was neither an entity capable of being sued under Louisiana law nor a person capable of being sued under 42 U.S.C. § 1983); *Burge v. Parish of St. Tammany*, 1997 WL 10243, \*8 (E.D. La. Jan. 8, 1997) (same).  Accordingly, the plaintiff's claim asserted against the district attorney's office is subject to dismissal because of that entity's lack of legal capacity to be sued.

In addition, although the plaintiff has named the Parish of East Baton Rouge as a defendant herein, it does not appear that there is any legal or factual basis for asserting a claim against the Parish based on the plaintiff's allegations.  Whereas it is well-settled that a governmental entity may be seen to a be a "person" within the meaning of 42 U.S.C. § 1983, such entity can be found liable for a violation of a plaintiff's constitutional rights only when the

plaintiff can establish the existence of a "custom, policy or practice" of the entity which is the direct cause of the plaintiff's harm. *See Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978). *See also Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001). The plaintiff in this case has not alleged the existence of any custom, policy or practice of the Parish of East Baton Rouge that has contributed to the events of which he complains. Further, it appears that the Parish has no direct authority over the district attorney's office because that office is established by the Louisiana Constitution and, thus, "is an office of state, not local government." *See Shepherd v. City of Baton Rouge/Parish of East Baton Rouge*, 588 So.2d 1210, 1213 (La. App. 1st Cir. 1991), *quoting Diaz v. Allstate Insurance Company*, 433 So.2d 699, 701-02 (La. 1983). *Cf., McMilliam v. Monroe County, Alabama*, 520 U.S. 781 (1997) (finding that, because the sheriff's office was considered to be an office of the State and not of local government under Alabama law, the county did not have liability for the sheriff's alleged wrongdoing). Similarly, the Parish of East Baton Rouge does not apparently have authority over the actions of the district attorney's office in this case and may not be found responsible for the actions of persons employed by that office.

Turning to the plaintiff's claim asserted against East Baton Rouge Parish District Attorney Hillar Moore and/or against unidentified assistant district attorney(s) who may have been involved in the events complained of, the Court finds that this claim, as well, must be rejected because it is barred by the doctrine of absolute prosecutorial immunity. In this regard, a district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his role as a prosecutor in preparing for the initiation of judicial proceedings or in presenting the State's case before the court. *See Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). The

courts employ a "functional" test in determining whether a prosecutor is entitled to absolute immunity, pursuant to which the courts look to the "nature of the function performed." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). A prosecutor's immunity applies to his actions in initiating prosecution, in carrying the case through the judicial process, and to those actions which are "intimately associated with the judicial phase of the criminal process." *Esteves v. Brock, supra,* 106 F.3d at 677, *quoting Imbler v. Pachtman, supra*, 424 U.S. at 430-31. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Labry v. Mamoulides*, 248 F.3d 1142, *1 (5th Cir. 2001), *quoting Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999), *abrogated on other grounds, Castellano v. Frazogo*, 352 F.3d 330 (5th Cir. 2003). In the instant case, the plaintiff's claims asserted against the referenced assistant district attorney(s) are apparently based on the defendants' conduct as advocates for the State of Louisiana in pursuing appellate review of a district court ruling, and the defendants are therefore entitled to absolute prosecutorial immunity. *See Imbler v. Pachtman, supra.* Accordingly, the plaintiff's claims asserted against the defendant district attorney(s) must be dismissed because he seeks recovery from defendants who are immune from such relief. *See Delaney v. Ackal*, 2009 WL 5195935, *3 (W.D. La. Oct. 10, 2009).

Finally, in the alternative, to the extent that the plaintiff's allegations may be interpreted as seeking to overturn the alleged wrongful decision of the state appellate court in both considering the alleged untimely writ application and in reversing the Ruling of the state district court ordering DNA testing, this claim is not properly before the Court. As stated in *Williams v. Hines*, 2013 WL 5960673 (E. D. La. Nov. 6, 2013), in rejecting a claim presented by a petitioner

seeking post-trial DNA testing and complaining about the decision of the state courts in denying such testing:

> First and foremost, insofar as petitioner challenges the correctness of the state court's application of the state rules governing DNA testing before this court, it has been uniformly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." A federal court conducting habeas review is limited to determining whether a petitioner's custody is in violation of the Constitution, laws, or treaties of the United States.... Accordingly, this court cannot review the correctness of the state court's determination regarding the application of La. C. Cr. P. art. 926.1 to petitioner's request for DNA testing.
> Additionally, [petitioner's] challenge is to the state court's post-conviction determination that he is not entitled to post-conviction DNA testing. As a general rule, "[i]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief."... This is because "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.
> Also, to the extent [petitioner] argues that the Constitution demands that he be granted additional post-conviction DNA testing, such a claim has been foreclosed by the U.S. Supreme Court's decision in *District Attorney's Office of Third Judicial District v. Osborne*, 557 U.S. 52, [72] (2009). In that case, the Supreme Court held that there was no free-standing federal constitutional right to obtain post-conviction access to the state's evidence for DNA testing.

*Id.*, 2013 WL 5960673, *24-25 (citations omitted). Based upon the well-reasoned determination of that Court, this Court similarly concludes that the plaintiff may not here complain regarding the correctness of the state appellate court's determination regarding DNA testing or the procedures utilized by the state court in addressing the petitioner's contentions. *See Thomas v. Fuselier*, 2013 WL 1290002, *8 (W.D. La. March 8, 2013) (rejecting a petitioner's claim regarding alleged due process violations in the determination that he was not entitled to additional DNA testing: "Louisiana provides a fundamentally fair post-conviction procedure [and] ... [m]ore specifically, Louisiana has provided an adequate procedure for convicts to obtain forensic DNA testing to assert a claim of actual innocence based on forensic DNA testing"). Accordingly, the plaintiff's claims asserted herein are subject to dismissal as being without legal foundation.

## RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on December 18, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

1. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."